UNITED STATES BANKRUPTCY COURT
DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| THOMOS, GEORGE T | § | Case No. 13-41954 |
| THOMOS, LITSA A | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____    By:/s/BRENDA PORTER HELMS, TRUSTEE_____
                                  Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 13-41954   CAS   Judge: DONALD R. CASSLING | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| Case Name: | THOMOS, GEORGE T | Date Filed (f) or Converted (c): | 10/27/13 (f) |
| | THOMOS, LITSA A | 341(a) Meeting Date: | 11/22/13 |
| For Period Ending: | 10/22/14 | Claims Bar Date: | 03/11/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1623 Harlem Ave, Berwyn | 76,666.00 | 0.00 | | 30,000.00 | FA |
| 2. 6501 Main Street, Downers Grove, Illinois, | 296,000.00 | 0.00 | | 0.00 | FA |
| 3. U.S. Bank savings account | 177.91 | 0.00 | | 0.00 | FA |
| 4. Charter One Checking account | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. Loyola University Employees' Federal Credit Union | 436.30 | 0.00 | | 0.00 | FA |
| 6. Bank Financial Savings account | 1,200.00 | 0.00 | | 0.00 | FA |
| 7. HOUSEHOLD GOODS AND FURNISHINGS | 1,250.00 | 0.00 | | 0.00 | FA |
| 8. WEARING APPAREL AND JEWELRY | 2,485.00 | 0.00 | | 0.00 | FA |
| 9. Bank Financial IRA | 4,487.16 | 0.00 | | 0.00 | FA |
| 10. Bank Financial IRA | 4,487.16 | 0.00 | | 0.00 | FA |
| 11. Edward Jones account | 1,507.00 | 0.00 | | 0.00 | FA |
| 12. Stock in Yerma 3, Inc. | 0.00 | 0.00 | | 0.00 | FA |
| 13. Misc. A/R | 261.93 | 0.00 | | 0.00 | FA |
| 14. 2007 Dodge Caliber | 4,000.00 | 0.00 | | 0.00 | FA |
| 15. 2012 Chevrolet Malibu SD | 16,276.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $410,234.46 | $0.00 | | $30,000.00 | Gross Value of Remaining Assets $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee filed adversary 12/13 to sell Debtors' one-third interest in real estate; Trustee settled with co-owners
pursuant to court order 4/25/14 to sell the Estate's interest. Funds received and Trustee preparing TFR

LFORM1   **UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*   Ver: 18.02

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 13-41954   CAS   Judge: DONALD R. CASSLING | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
| Case Name: | THOMOS, GEORGE T | Date Filed (f) or Converted (c): | 10/27/13 (f) |
| | THOMOS, LITSA A | 341(a) Meeting Date: | 11/22/13 |
| | | Claims Bar Date: | 03/11/14 |

Initial Projected Date of Final Report (TFR): 06/30/14   Current Projected Date of Final Report (TFR): 12/30/14

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1
Exhibit B

| Case No: | 13-41954 -CAS | Trustee Name: | BRENDA PORTER HELMS, TRUSTEE |
|---|---|---|---|
| Case Name: | THOMOS, GEORGE T | Bank Name: | ASSOCIATED BANK |
| | THOMOS, LITSA A | Account Number / CD #: | *******1756 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******1334 | | |
| For Period Ending: | 10/22/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 08/11/14 | 1 | Professional National Title Network<br>Three First National Plaza #1600<br>Chicago IL 60602 | debtors interest in real estate | 1110-000 | 30,000.00 | | 30,000.00 |
| 09/08/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 30.21 | 29,969.79 |
| 10/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 43.12 | 29,926.67 |

```
                        COLUMN TOTALS                        30,000.00        73.33       29,926.67
                           Less: Bank Transfers/CD's              0.00         0.00
                        Subtotal                             30,000.00        73.33
                           Less: Payments to Debtors                           0.00
                        Net                                  30,000.00        73.33
```

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - ********1756 | 30,000.00 | 73.33 | 29,926.67 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 30,000.00 | 73.33 | 29,926.67 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

/s/ BRENDA PORTER HELMS, TRUSTEE
Trustee's Signature: _____ Date: 10/22/14
BRENDA PORTER HELMS, TRUSTEE

Page Subtotals    30,000.00    73.33

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 1 | | ANALYSIS OF CLAIMS REGISTER | | | Date: October 22, 2014 |

Case Number: 13-41954
Debtor Name: THOMOS, GEORGE T

Claimant's Name Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 2<br>070<br>7100-00 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>P.O. Box 3001<br>Malvern PA 19355 | Unsecured | | $1,749.02 | $0.00 | $1,749.02 |
| 001<br>2700-00 | Clerk, United States Bankruptcy Court | Administrative | | $293.00 | $0.00 | $293.00 |
| 3<br>070<br>7100-00 | Dollas Inc.<br>c/o Dominic Mancini<br>133 Fuller Road<br>Hinsdale IL 60521 | Unsecured | | $63,547.43 | $0.00 | $63,547.43 |
| 1<br>058<br>5800-00 | Illinois Dept of Employment Security<br>33 S. State St  10th Floor<br>Bankruptcy Unit<br>chicago IL 60603<br>Attn:; Amelia Yabes | Priority | | $3,852.10 | $0.00 | $3,852.10 |
| 1A<br>070<br>7100-00 | Illinois Dept of Employment Security | Unsecured | | $470.05 | $0.00 | $470.05 |
| 4<br>058<br>5800-00 | Illinois Dept of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago IL 60664 | Priority | | $1,568.00 | $0.00 | $1,568.00 |
| 4A<br>080<br>7300-00 | Illinois Dept of Revenue | Unsecured | | $1,160.16 | $0.00 | $1,160.16 |
| 5<br>058<br>5800-00 | Illinois Dept of Revenue | Priority | | $542.96 | $0.00 | $542.96 |
| 001<br>3210-00 | Springer Brown LLC | Administrative | | $5,154.50 | $0.00 | $5,154.50 |
| | Case Totals: | | | $78,337.22 | $0.00 | $78,337.22 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-41954
Case Name: THOMOS, GEORGE T
          THOMOS, LITSA A
Trustee Name: BRENDA PORTER HELMS, TRUSTEE

Balance on hand                                            $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BRENDA PORTER HELMS, TRUSTEE | $ | $ | $ |
| Attorney for Trustee Fees: Springer Brown LLC | $ | $ | $ |
| Charges: Clerk, United States Bankruptcy Court | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance                                         $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Illinois Dept of Employment Security | $ | $ | $ |
| 4 | Illinois Dept of Revenue | $ | $ | $ |
| 5 | Illinois Dept of Revenue | $ | $ | $ |

Total to be paid to priority creditors                             $_____

Remaining Balance                                                        $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be           percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1A | Illinois Dept of Employment Security | $ | $ | $ |
| 2 | American Express Centurion Bank | $ | $ | $ |
| 3 | Dollas Inc. | $ | $ | $ |

Total to be paid to timely general unsecured creditors        $_____

Remaining Balance                                                        $_____

    Tardily filed claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be           percent.

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 4A | Illinois Dept of Revenue | $ | $ | $ |

Total to be paid to subordinated unsecured creditors    $_____

Remaining Balance    $_____